IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| KEITH S. MYERS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | NO. CIV-10-827-D |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Pursuant to 42 U. S. C. § 405(g), Plaintiff brought this action for judicial review of the final decision of Defendant Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability and supplemental security income benefits under the Social Security Act. The matter was referred to United States Magistrate Judge Gary M. Purcell for proceedings in accordance with 28 U. S. C. § 636(b)(1)(B).

On June 3, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 16] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

In reviewing the Commissioner's decision, the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994); *Castellano v. Secretary of Health & Human Servs.*, 26 F. 3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. *Castellano*, 26 F. 3d

at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge ("ALJ") in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In this case, the record reflects that, at the initial stages of the required sequential evaluation to determine the existence of a disability[1], the ALJ concluded the evidence shows Plaintiff has severe non-exertional impairments of seizure disorder, back pain, hepatitis C, hypertension, major depressive disorder, and polysubstance and alcohol dependence. However, the ALJ concluded that, within the scope of certain limitations noted in the record, Plaintiff retained sufficient residual functional capacity to perform work in positions existing in the national economy.

At Plaintiff's request, the Appeals Council reviewed the ALJ's decision. It agreed with all aspects of the ALJ's findings except his determination that Plaintiff had performed past relevant work, and it concluded he had no relevant work which meets the requirements of the regulations. However, the Appeals Council examined the evidence in the record and concluded that other work exists in significant numbers in the national economy and that Plaintiff can perform such work,

---

[1] As discussed in the Report and Recommendation at page 4, the Commissioner applies a five-step inquiry to determine if a claimant is disabled. *See* 20 C.F.R. § 416.920(b)-(f). Additional procedures are required to assess a claimant's mental impairments. 20 C.F. R. § 415.020a. Where examination of the first four steps establishes a *prima facie* showing that the claimant has one or more severe impairments and can no longer engage in his prior work, the burden "shifts to the Commissioner at step five to show that the clamant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given [his] age, education, and work experience." *Grogan v. Barnhart*, 399 F. 3d 1257, 1261 (10th Cir. 2005).

given his age, education, past work experience, and residual functional capacity. Record at p. 5. As the Magistrate Judge noted in the Report and Recommendation, the Appeals Council's determination is the final decision of the Commissioner. 20 C. F. R. § 416.1481.

The Appeals Council agreed with, and adopted, all aspects of the ALJ's decision except the determination that Plaintiff had engaged in past relevant work. In his challenge to the final decision of the Appeals Council, Plaintiff argued the decision erroneously relied on the Medical-Vocational Guidelines in support of the finding that Plaintiff retains sufficient RFC to perform identified jobs in the national economy. Plaintiff also argued that the Commissioner erred in determining that Plaintiff's subjective statements of disabling mental and physical impairments were not credible. In the Report and Recommendation, the Magistrate Judge addressed these contentions in detail.

The Magistrate Judge accurately discussed and referenced Plaintiff's medical and mental health history. As the record reflects, a portion of his mental health records were generated during his incarceration while in the custody of the California Department of Corrections from 2004 through 2007. The reports reflected in these records, as well as records reflecting treatment after Plaintiff's release from incarceration, are accurately discussed at pages 4 through 8 of the Report and Recommendation; that discussion need not be repeated here, but is adopted as though fully set forth herein. In summary, Plaintiff was diagnosed with depression, bipolar disorder, schizophrenia disorder, attention deficit hyperactivity disorder ("ADHD"), and drug and alcohol dependence. The records note a history of suicide attempts as well as numerous incarcerations for a variety of offenses; several offenses were related to his substance abuse. The evidence reflects, however, that treating psychiatrists and psychologists reported Plaintiff functioned well on medications so long as he refrained from the use of alcohol and drugs.

3

In objecting to the Report and Recommendation, Plaintiff does not dispute the accuracy of the summary of the medical and psychiatric evidence cited by the Magistrate Judge. That summary is adopted as though fully set forth herein.

The Report and Recommendation also addresses Plaintiff's argument that the Commissioner failed to properly assess Plaintiff's credibility regarding his claimed mental and physical limitations. The Magistrate Judge discussed in detail the findings of the ALJ, as adopted by the Appeals Council, with regard to Plaintiff's credibility. As the Magistrate Judge noted, the ALJ found that Plaintiff's subjective statements were not entirely credible because the objective medical evidence in the record conflicted with his subjective statements. The Magistrate Judge also noted the ALJ considered Plaintiff's continued use of alcohol and illegal substances after he claims to have become disabled; he also considered Plaintiff's continuing criminal activity during the relevant time period. The specific references to the evidence of record regarding the credibility assessment are set forth at pages 12 and 13 of the Report and Recommendation. The Court agrees with the Magistrate Judge that the ALJ's credibility assessment is supported by cited references to the evidence in the record. The Court finds no error in that assessment.

Moreover, Plaintiff's objection to the Report and Recommendation does not expressly challenge the credibility assessment. Instead, Plaintiff's objection focuses on the Appeals Council's conclusion that, notwithstanding its determination that Plaintiff had no past relevant work, he retained sufficient residual functional capacity to perform identified unskilled sedentary jobs in the national economy, subject to certain recognized limitations. Plaintiff contends that the Appeals Council committed reversible error because it improperly applied the Medical-Vocational Guidelines, known as the "grids," in reaching its conclusion.

Plaintiff also asserted this argument in his initial contentions seeking reversal of the Commissioner's decision. His argument was also addressed by the Magistrate Judge in the Report and Recommendation, and Plaintiff's objection offers no new argument or authority. As the Magistrate Judge discussed in the Report and Recommendation, the grids may be applied if a claimant's nonexertional limitations do not "further limit the claimant's ability to perform work at the applicable exertional level." *Eggleston v. Bowen*, 851 F. 2d 1244, 1247 (10th Cir. 1988). In this case, the evidence supports the ALJ's finding, adopted by the Appeals Council, that Plaintiff had the RFC to perform work at the medium exertional level with additional postural, environmental, and mental limitations. The ALJ found Plaintiff could frequently climb, balance, stoop, kneel, crouch and crawl; he also found Plaintiff must avoid all exposure to dangerous moving machinery and unprotected heights, and Plaintiff is capable of performing only simple repetitive tasks that involve no interaction with the public. Record at page 15.

The Court agrees with the Magistrate Judge that Plaintiff has not provided support for his contention that the grids could not be used in these circumstances to determine the availability of jobs for Plaintiff. Even if there are additional RFC limitations or restrictions which erode the available occupational base for a claimant, that does not necessarily dictate a finding that the claimant is disabled, especially when the occupations at issue are unskilled. Social Security Ruling 96-9p, 1996 WL 374185, at *4. In unskilled sedentary work, such as that applicable to Plaintiff in this case, postural limitations such as those restricting bending, lifting, twisting, or stooping, do not erode the available occupational base because those activities are not typically required in unskilled sedentary work. *Id.*, at * 7. Nor do environmental limitations regarding the use of dangerous machinery and work at unprotected heights significantly impact the occupational base because "few

occupations in the unskilled sedentary occupational base require" work in environments having those "unusual hazards." *Id.,* at *9. Specifically, a need to avoid exposure to moving equipment or heights does not, by itself, significantly erode the occupational base. *Id.*

As the Magistrate Judge further explained, the mental limitations imposed by the ALJ on Plaintiff's work are also not sufficient to erode the available occupational base. The record reflects there is evidence supporting the ALJ's finding that Plaintiff can perform the mental tasks typically associated with unskilled sedentary work. *See* discussion at page 11 of the Report and Recommendation.

With respect to the application of the grids, the Court agrees with the Magistrate Judge that the Appeals Council did not err. Plaintiff offers no persuasive argument or authority to the contrary.

Having fully considered the matter *de novo*, the Court finds that the Magistrate Judge correctly determined there was no error committed by the Appeals Council or the ALJ in concluding Plaintiff is not disabled within the meaning of the Social Security regulations. Plaintiff's objection offers no persuasive argument or authority to the contrary. Accordingly, the Report and Recommendation [Doc. No. 16] is adopted as though fully set forth herein. The decision of the Commissioner is affirmed; judgment shall be entered in favor of the Commissioner on Plaintiff's claims asserted herein.

IT IS SO ORDERED this 21st day of June, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE